FILED
APR 07 2014
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

1  MICHAEL A. SWEET (SBN 184345)
   msweet@foxrothschild.com
2  DALE L. BRATTON (SBN 124328)
   dbratton@foxrothschild.com
3  FOX ROTHSCHILD LLP
   235 Pine St., Suite 1500
4  San Francisco, CA 94104-2734
   Telephone:  415.364.5540
5  Facsimile   415.391.4436

6  Attorneys for Debtor
   PALM DRIVE HEALTH CARE DISTRICT

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In Re:

PALM DRIVE HEALTH CARE DISTRICT, a California local health care district,

Debtor.

Bk. No.: **14-10510**

Chapter 9

DECLARATION OF THOMAS M. HARLAN IN SUPPORT OF DEBTOR'S QUALIFICATIONS FOR RELIEF UNDER CHAPTER 9

I, Thomas M. Harlan, declare as follows:

1. I am the Chief Executive Officer of Palm Drive Health Care District (the "District"), debtor in the above-captioned bankruptcy case. I make this declaration in support of the District's qualifications for relief under Chapter 9 of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"). I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently to these facts.

2. The District is a local health care district organized under California Health & Safety Code §§ 32000 *et seq.*, and accordingly is a "municipality" as such term in

-1-

defined in Bankruptcy Code § 101(40). The District operates Palm Drive Hospital in Sebastopol, California, and provides other health care and education services.

3. The District is specifically authorized in its capacity as a local public entity to be a debtor under Chapter 9 of the Bankruptcy Code by the laws of the State of California. Cal. Govt. Code §§53760 *et seq*.

4. As authorized by Government Code § 53760.5, after a noticed public hearing held on April 1, 2014, at which public comment was received on the District's fiscal condition, the District has declared a fiscal emergency by a resolution adopted unanimously by the District's Board of Directors. *See* Resolution 14-04 (the "Authorizing Resolution"), adopted on April 1, 2014, a true and correct copy of which is attached as Exhibit A to the Petition filed commencing this bankruptcy case.

5. The Authorizing Resolution includes findings that the financial state of the District jeopardizes the health, safety, or well-being of the residents of the District's service area absent the protections of Chapter 9. The Authorizing Resolution authorizes and directs the Chief Executive Officer to file a Chapter 9 bankruptcy petition.

6. The Authorizing Resolution further includes a finding that the District is or will be unable to pay its obligations within the 60 days following the adoption of the resolution.

7. The filing of this Chapter 9 case on an emergency basis was made necessary by the severe fiscal emergency facing the District, and the District's good faith belief that relief under Chapter 9 is essential to facilitate proper operation of Palm Drive Hospital and related health care services in a critical transition period. During the transition period, the District must determine what reductions and alterations in the scope of it services must be made within the District's severely constricted financial means. These reductions and alterations in services must – *and will* – be conducted while maintaining proper standards of patient care and safety for those patients who

Case: 14-10510    Doc# 2    Filed: 04/07/14    Entered: 04/08/14 11:30:06    Page 2 of 3

are and will be under the care of the District's staff and affiliated physicians during such transition period.

8. In determining that a declaration of fiscal emergency under Government Code § 53760.5 was necessary, the District carefully considered staff analysis of the District's financial condition, the report of a nationally-recognized health care consulting firm employed by the District, management's recommendation for Substantial Termination of Services, and public comments received at the April 1, 2014, hearing on the District's fiscal condition.

9. In the District's present circumstances, it is unable to negotiate with creditors on a proposed plan of adjustment for the District's debts because such negotiation is impracticable in the very limited time frame before the District's cash would be exhausted and because the District has more than 1,000 creditors, many of whom do not belong to any representative organizations with which the District could effectively negotiate in that time frame.

10. The District is insolvent within the meaning of Bankruptcy Code § 101(32)(C).

11. The District desires to effect a plan to adjust its debts.

12. The District is unable to negotiate with creditors, prior to entering into this Chapter 9 case, for the reasons stated in para. 9 above.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct. Executed at Sebastopol, California, on April 7, 2014.

Thomas M. Harlan