1    MICHAEL A. SWEET (SBN 184345)
     msweet@foxrothschild.com
2    DALE L. BRATTON (SBN 124328)
     dbratton@foxrothschild.com
3    FOX ROTHSCHILD LLP
     235 Pine St., Suite 1500
4    San Francisco, CA 94104-2734
     Telephone:    415.364.5540
5    Facsimile     415.391.4436

6    Attorneys for Debtor
     PALM DRIVE HEALTH CARE DISTRICT
7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SANTA ROSA DIVISION

11   | In Re: | Bk. No.: 14-10510 |

12       PALM DRIVE HEALTH CARE          Chapter 9
         DISTRICT, a California local health
13       care district,
                                         **NOTICE OF HEARING AND
14            Debtor.                     DEBTOR'S EX PARTE MOTION
                                          FOR AUTHORITY TO ENTER INTO
15                                        POST-PETITION SECURED
                                          FINANCING AGREEMENT WITH
16                                        THE COUNTY OF SONOMA ON AN
                                          INTERIM AND FINAL BASIS
17                                        PURSUANT TO PURSUANT TO 11
                                          U.S.C. § 364(c) AND FED. R. BANKR.
18                                        P. 4001(c)**

19                                        Date:  April 15, 2014
                                          Time:  1:30 p.m.
20                                        Place:  United States Bankruptcy Court
                                                  99 South "E" Street
21                                                Santa Rosa, CA 95404

22                                        Judge:  The Hon. Alan Jaroslovsky
23

24       Palm Drive Health Care District (the "District"), debtor in the above-captioned

25   bankruptcy case, hereby moves for authorization for the District to enter into a post-petition

26   secured financing agreement (the "Financing Agreement") with the County of Sonoma

                                    - 1 -

("Sonoma") on an interim and final basis pursuant to 11 U.S.C. § 364(c) (as incorporated into Chapter 9 of the Bankruptcy Code by 11 U.S.C. § 901(a)) and Fed. R. Bankr. P. 4001(c) (the "Motion"). For the reasons more fully set forth in the accompanying memorandum of points and authorities, the District states that the District is in urgent need of cash to meet its near-term payroll and other operating expenses, while it transitions – through this bankruptcy filing – to a realigned service profile with lower cost structure. On April 7, 2014, the Board of Directors of the District adopted a resolution directing management to begin the process of closing Palm Drive Hospital, and realigning the District's health care services. In the meantime, for a safe and orderly closing of the Hospital the District's cash position requires access to immediate financing for the transition.

The District has attempted to obtain unsecured financing or financing treated as an allowed administrative expense under 11 U.S.C. § 364(a) or (b). The District approached several potential financing sources including a neighboring health care district and Sonoma itself. However, no party was willing to lend funds to the District on an unsecured basis. *See* Declaration of Thomas M. Harlan, filed herewith. Under state law, the District is authorized to borrow short-term against its parcel tax revenues pursuant to Cal. Govt. Code § 53854. Sonoma has offered to loan to the District up to $1,800,000 ( the "Sonoma Loan" or the "Loan"), secured by a lien on the District's parcel tax revenues junior to existing liens on the parcel tax revenues under Bankruptcy Code § 364(c). The Sonoma Loan is essential to surmount the District's immediate cash crisis. Accordingly, the District seeks approval to enter into the Financing Agreement with Sonoma on an interim and final basis pursuant to 11 U.S.C. § 364(c)(2) and (3) and Fed. R. Bankr. P. 4001(c).

Pursuant to Fed. R. Bankr. P. 4001(c)(2), this Motion seek approval of interim emergency financing prior to a final hearing. A final hearing must be held after no less than 14 days' notice to the parties required under Rule 4001(c) and the District will request that such a final hearing be subsequently scheduled.

This Motion also seeks a determination that Sonoma's extension of credit is made in

- 2 -

good faith for the purposes of § 364(e) of the Bankruptcy Code, and Sonoma is entitled to the protections afforded by § 364(e).

This Motion is supported by the accompanying memorandum of points and authorities, the Declaration of Thomas M. Harlan, the papers and pleadings on file with the Court in this Chapter 9 Case, and any oral arguments the Court may entertain at the hearing(s) on the Motion. Wherefore, the District requests that the Motion be granted.

NOTICE of this Motion as to the request for interim relief is being given by personal service, electronic mail, or overnight delivery service to the following parties or their counsel: (a) the Office of the United States Trustee ("UST"); (b) the Indenture Trustee, (c) the List of Creditors Holding 20 Largest Unsecured Creditors filed pursuant to Rule 1007(d), and (d) any parties who have filed requests to date for special notice under Rule 2002.

A proposed form of order, to which a copy of the Financing Agreement (including the Introductory Statement required by the Guidelines for Cash Collateral & Financing Motion & Stipulations of this bankruptcy court) is appended, is attached as Exhibit A to this Motion.

Date:   April 14, 2014

Respectfully Submitted,

FOX ROTHSCHILD LLP

By: */s/ Dale L. Bratton*
Dale L. Bratton
Attorneys for Debtor
Palm Drive Health Care District

- 3 -

EXHIBIT A

FINANCING AGREEMENT

Case: 14-10510    Doc# 10    Filed: 04/14/14    Entered: 04/14/14 19:02:01    Page 4 of 29

**POST-PETITION FINANCING INTRODUCTORY STATEMENT; AND**

**CERTIFICATION OF PROFESSIONAL PURSUANT TO COURT GUIDELINES**

Palm Drive Health Care District (the "District") is moving for authorization to enter into a post-petition secured financing agreement (the "Financing Agreement") with the County of Sonoma ("Sonoma"). The Financing Agreement has the following material provisions:

1. The lender – Sonoma – is not a prepetition creditor of the District; all of the borrowing represents "new" money. The amount of "new" money is an amount not to exceed $1,800,000: (a) not to exceed $600,000 on an interim basis, to be disbursed immediately upon Court approval; and (b) an additional amount not to exceed $1,200,000 on a final basis, in a single disbursement to be made during the week ending July 4, 2014.

2. The District's Board of Directors has authorized the borrowing pursuant to resolution adopted on April 11, 2014, in the form attached hereto ("Borrowing Resolution.") The Borrowing Resolution also specifies the form of note, including pledge, which will memorialize the obligation (the "Notes"), also in the form attached hereto. The Borrowing Resolution and Notes constitute the Financing Agreement.

3. The borrowing will be secured under Bankruptcy Code § 364(c)(2) and (3). (a) Under § 364(c)(3), the loan will be secured by parcel tax Excess Revenues as defined in the indenture certificates for the District's outstanding Series 2005 Certificates of Participation and Series 2010 Certificates of Participation (the "Indenture Certificates"). The lien in favor of Sonoma will be junior only to the liens on the District's parcel revenues in favor of the Indenture Certificates. (No party other than the Indenture Certificates has any existing pledge or lien on the parcel tax revenues.) The pledge to Sonoma is only of the Excess Revenues, and not of amounts of parcel tax revenues necessary to service the indebtedness represented by the Indenture Certificates.

4. In form, the loan will be made as tax and revenue anticipation notes (TRAN's), as authorized by §§ 53854 *et seq.* of the California Government Code for short-term borrowing

- 5 -

by local public entities. TRAN's are by statute secured by the particular pledged revenues designated by the borrower, and other unencumbered, lawfully available funds if the pledged revenues prove insufficient (which is not expected to occur in this case). Thus, the TRAN provisions of California law are congruent with a borrowing under Bankruptcy Code § 364(c)(2) and (3). These provisions for securing the loan are found in Section 5(b) of the Borrowing Resolution, and the un-numbered third, fourth, and fifth paragraphs of the Notes. They are also found in paragraph 5(a) and (b) of the proposed order approving the Financing Agreement.

5. The loan is subject to (a) the approval of the Sonoma Board of Supervisors, which will consider the loan at its meeting on Tuesday, April 15, 2014, and (b) the entry of Court orders approving the interim and final financing satisfactory in form to Sonoma.

6. The interest rate is four (4.0) percent per annum.

7. The interim loan must be repaid with funds received or accrued as of June 30, 2014. The final maturity date is February 28, 2015. The District is obligated to remit to the County parcel tax Excess Revenues as they are received, as prepayments on the loan.

8. The loan can be prepaid at any time without penalty or premium.

9. The events of default under the loan are failure to pay amounts of principal, interest, and other fees and charges, when due; and/or the District violates any provision of this Order.

10. The District waives any surcharge against Sonoma under § 506(c) of the Bankruptcy Code. This provision is acceptable in this Chapter 9 case, because there can be no subsequent Chapter 7 or Chapter 11 trustee whose could administering assets.

11. The District is in non-payment default under the Indenture Certificates. Such technical defaults as filing for bankruptcy and failing to pay other debts as they come due exist and will continue to exist during the term of the Sonoma loan. The indenture trustee for the Indenture Certificates is informed of these matters, and has not given notice of intent to exercise any remedies for default or to seek to accelerate the indebtedness under the Indenture

- 6 -

Certificates on the basis of these technical defaults. The indenture trustee is being asked to forbear from exercising remedies for any and all non-payment defaults (*i.e.*, other than principal, interest, required reserves, and fees and charges) which do exist or may exist during the term of the Sonoma Loan, so long as all required payments are kept current under the terms of the Indenture Certificates, the District does not challenge the validity, enforceability, or priority of the Indenture Certificates and the liens created thereunder, and that there is not any determination that the Indenture Trustee does not have a first priority claim, lien, and charge on the right to possession of the Parcel Tax Revenues described in the 2005 Certificates and 2010 Certificates.

## CERTIFICATION

The undersigned Certifying Professional has read the accompanying Motion and the Post-Petition Introductory Statement; to the best of my knowledge, information, and belief, formed after reasonable inquiry, the terms of the relief sought in the Motion are in conformity with the Court's Guidelines for Cash Collateral and Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor that the court may grant appropriate relief under Fed. R. Bankr. P. 9024 if the court determines that a material element of the Motion was not adequately disclosed in the Introductory Statement.

Date: April 14, 2014

FOX ROTHSCHILD LLP

By: */s/ Dale L. Bratton*
Dale L. Bratton
Attorneys for Debtor
Palm Drive Health Care District

- 7 -

EXHIBIT B

Proposed Order Approving Financing on Interim Basis

MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
DALE L. BRATTON (SBN 124328)
dbratton@foxrothschild.com
FOX ROTHSCHILD LLP
235 Pine St., Suite 1500
San Francisco, CA 94104-2734
Telephone:     415.364.5540
Facsimile      415.391.4436

Attorneys for Debtor
PALM DRIVE HEALTH CARE DISTRICT

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>PALM DRIVE HEALTH CARE DISTRICT, a California local health care district,<br><br>Debtor. | Bk. No.: 14-10510<br><br>Chapter 9<br><br>**[Proposed] ORDER AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION SECURED FINANCING AGREEMENT WITH THE COUNTY OF SONOMA ON AN <u>INTERIM</u> BASIS PURSUANT TO PURSUANT TO 11 U.S.C. §§ 364(c) AND FED. R. BANKR. P. 4001(c)** |

Debtor's Ex Parte Motion For Authority To Enter Into Post-Petition Secured Financing Agreement With The County Of Sonoma On An Interim And Final Basis Pursuant To 11 U.S.C. § 364(c) And Fed. R. Bankr. P. 4001(c) (the "Motion"), brought by debtor Palm Drive Health Care District (the "District"), debtor in the above-captioned bankruptcy case, seeking entry of an order granting authorization for the District to enter into a financing agreement (the "Financing Agreement") with the County of Sonoma ("Sonoma") on an interim and final

Case: 14-10510    Doc# 10    Filed: 04/14/14    Entered: 04/14/14 19:02:01    Page 9 of 29

basis pursuant to 11 U.S.C. § 364(c) (incorporated into Chapter 9 of the Bankruptcy Code[1] by 11 U.S.C. § 901(a)) and Fed. R. Bankr. P. 4001(c)[2] came on for hearing on April __, 2014 (the "Initial Hearing"), in the above-entitled Court.  Appearances of counsel were as noted on the record of the hearing.

Based on the Motion, the pleadings submitted by the District in support thereof, the record before the Court, and the arguments of counsel,

THE COURT HEREBY FINDS AND DETERMINES that:

A.  On April 7, 2014, the District filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of California, Santa Rosa Division (the "Court').  To date no official committee of unsecured creditors has been appointed.

B.  By the Motion, the District seeks authorization to incur post-petition secured indebtedness, pursuant to the Financing Agreement (the "Financing Agreement") attached to the Introductory Statement And Certification Of Compliance With Guidelines Re Motion For Order Approving Agreement To Provide Post-Petition Financing Under Section 364 ("Introductory Statement") appended as Exhibit A to the Motion, to grant liens and security interests to the Sonoma as the lender under the Financing Agreement on the terms set forth in this Order.  The Financing Agreement consists of (i) the Resolution Of The Board Of Directors Of The Palm Drive Health Care District Authorizing The Issuance And Sale Of The District's Parcel Tax Revenue Anticipation Notes, Series 2014 (Taxable), Authorizing The Forms And Authorizing The Execution And Delivery Of The Notice Of Intention To Sell Notes To Sonoma County, And Authorizing The Taking Of Necessary

---

[1] Statutory references herein are to title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.
[2] References to rules herein are to the Federal Rules of Bankruptcy Procedures ("Rule" or the "Rules") unless otherwise indicated.

-10-

Actions And The Execution Of Necessary Certificates Relating To Said Notes (the "Borrowing Resolution") adopted unanimously by the Board of Directors of the District on April 10, 2014, and (ii) the Notes as defined in the Borrowing Resolution and the Form of Note attached as Exhibit A thereto.

C. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334. This Order is entered in a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(D).

D. The District has a need to obtain post-petition financing to permit the orderly continuation of its operations, pay employees, vendors and suppliers, and protect the public welfare and patient safety through the District's mission as a local health care district under the laws of the State of California. The ability of the District to obtain sufficient working capital and liquidity through the incurrence of new indebtedness for borrowed money and other financial accommodations is vital to the District's mission.

E. Sonoma as lender is willing to provide financing to the District under the Financing Agreement only on the following terms and conditions: (i) entry of this Order, and (ii) pursuant to the terms and conditions of the Financing Agreement, as they may be supplemented or modified by this Order in a manner satisfactory to Sonoma.

F. The financing, and the Financing Agreement, is further contingent on the approval of the Sonoma Board of Supervisors, which approval is being actively sought. The Financing Agreement is on the agenda for the Board of Supervisors' meeting on Tuesday, April 15, 2014.

G. The District is unable to obtain adequate unsecured credit allowable under § 503(b)(1) of the Bankruptcy Code or pursuant to §§ 364(a) or 364(b) of the Bankruptcy Code. The District is also unable to obtain secured credit allowable under § 364(c) of the Bankruptcy Code except under the terms and conditions set

Case: 14-10510    Doc# 10    Filed: 04/14/14    Entered: 04/14/14 19:02:01    Page 11 of 29

forth in this Order.

H. As security for the District's obligation to Sonoma under the Financing Agreement, (i) the District will pledge to Sonoma that portion of its parcel tax revenues defined as "Excess Revenues" in the Financing Agreement and the "Indenture Certificates" as defined below , and (ii) as protection in case those funds prove insufficient, will additionally grant to Sonoma a lien on unencumbered, lawfully available funds of the District as provided by applicable California law for the issuance of tax and revenue anticipation notes by local public entities (together, the "Collateral").

I. The District stipulates and acknowledges that (i) except as granted pursuant to the Order and the Financing Agreement, as of the date of this Order the Collateral is not subject to any pledge, lien, or security interest other than the pledges, liens, and security interests in favor of the Indenture Certificates and the Indenture Trustee (each as defined below) that exist on the date of this Order, and (ii) the entry of this Order, and the relief granted herein, is at the request, and to the extent that it might be considered necessary by any party the consent of the District.

J. The terms of the Financing Agreement have been negotiated in good faith and are fair and reasonable under the circumstances and enforceable against the District.

K. Any credit extended and loans made by Sonoma pursuant to the Financing Agreement shall be deemed to have been extended in good faith, as that term is used in §§ 364(e) and 921(e) of the Bankruptcy Code. Based on the foregoing, Sonoma shall be given all the protections provided by §§ 364(e) and 921(e) of the Bankruptcy Code to entities that have extended credit in good faith.

L. The relief requested in the Motion with respect to the credit to be extended and loans made under the Financing Agreement is necessary, essential, and appropriate for the continued operations of the District, the management and preservation of its property, and the performance of its mission in the public interest. It is in the best

-12-

interest of the District's creditors for the District to be allowed to enter into, and perform under, the Financing Agreement. Interim relief is necessary under the District's emergency circumstances, to prevent immediate and irreparable harm to the District pending a final hearing on the Motion.

M. The District is in non-payment, technical default under its Series 2005 Certificates of Participation and Series 2010 Certificates of Participation (the "Indenture Certificates") – each respectively secured by parcel taxes of the District that are special revenues as defined by § 902(2) of the Bankruptcy Code. The indenture trustee ("Indenture Trustee") for each of the Indenture Certificates, Wells Fargo Bank, National Association, although informed in the matter, has not given notice of intent to exercise any remedies for default or to seek to accelerate the indebtedness under Indenture Certificates so long as all payment obligations under these bonds continue to be kept current, as the District has been doing and pledges to continue to do.

N. The terms of the financing under the Financing Agreement do not impact the financial provisions of the Indenture Certificates, by which parcel tax revenues are regularly delivered to the Indenture Trustee as they are received to meet payments, fees, and charges required by the Indenture Certificates. Even with the loan under the Financing Agreement, and its relatively rapid repayment schedule, the debt service coverage ratio for subordinated debt under the Indenture Certificates for the aggregate of the Indenture Certificates and the subordinated Sonoma loan would likely be met.

O. The District has served the Motion, and given notice of the Initial Hearing, by personal service, email, telephone, or overnight delivery, in accordance with Federal Rule of Bankruptcy Procedure 4001(c), on the United States Trustee, Sonoma, other parties with liens or security interests of record in the Collateral (which are only the Indenture Trustee on behalf of the District's Series 2005

-13-

Certificates of Participation and Series 2010 Certificates of Participation), the 20 largest unsecured creditors of the District, and any party having requested special notice in this case to date. Such notice is adequate and sufficient notice of the Motion and Initial Hearing under the circumstances for the purpose of granting the interim relief requested in the Motion on an emergency basis as permitted under Fed. R. Bankr. P. 4001(c)(2).

Accordingly, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED ON AN INTERIM BASIS and subject to the terms of this Order.

2. All objections to the Motion, if any, that have not been withdrawn have been considered by the Court and are hereby overruled.

3. The District is hereby authorized to borrow pursuant to the Financing Agreement an interim amount not to exceed $600,000. The proceeds of any advance made will be used solely to fund those items in the cash flow forecast attached to the Declaration of Thomas M. Harlan submitted in support of the Motion, or as otherwise provided for in the Financing Agreement or consented to in writing by Sonoma.

4. The terms and conditions of the Financing Agreement and the ancillary documents contemplated therein are hereby approved in all respects and made fully enforceable against the District and Sonoma through and including the date of a final hearing on the Motion.

5. In furtherance of the foregoing, the District is authorized and directed to do and perform all acts, and to make, execute, and deliver all instruments and documents that may be reasonably required or necessary for the District's performance under the Financing Agreement, and the automatic stay contained in Bankruptcy Code §§ 362 and 922, to the extent applicable, is hereby modified to permit Sonoma to: (a) implement the terms of this Order; and (b) if it so chooses file or record any financing statements or other instruments and documents, if any, evidencing Sonoma's security interests in and liens on the Collateral

-14-

pledged under the Financing Agreement.

6.   The District's Paying Agent (as defined in the Note) shall, prior to any funding under the Financing Agreement, give irrevocable instructions to the Indenture Trustee to remit Excess Proceeds to a third-party fiduciary financial institution approved under California law, and give irrevocable instructions to such fiduciary to pay directly to Sonoma all amounts due, as and when due, under the terms of the Notes.  All such irrevocable instructions shall be reasonably satisfactory in form and substance to Sonoma.

7.   The obligations of the District under the Financing Agreement shall be secured by the grant of a lien and security interest in the Collateral, in accordance with the provisions of the Financing Agreement, including all property identified below:

   a.  Pursuant to § 364(c)(3) of the Bankruptcy Code, a security interest in and lien upon that portion of the District's parcel tax revenues defined as "Excess Revenues" in the Financing Agreement, that as of the Petition Date are subject to valid, perfected, and non-avoidable liens in favor of the Indenture Certificates, who hold a perfected first priority senior security interest in and lien upon the Excess Revenues, junior only to such security interests and liens as are held by the Indentures Certificates.  During the term of the Financing Agreement and prior to repayment of all amounts due thereunder, the District shall not grant to any other party any security interest in or lien upon the Excess Revenues senior to or *pari passu* with the security interest and lien granted to Sonoma hereunder.

   b.  Pursuant to § 364(c)(2) of the Bankruptcy Code, a perfected first priority senior security interest in and lien upon all unencumbered, lawfully available funds of the District as provided by applicable California law for the issuance of tax and revenue anticipation notes by local public entities.  During the term of the Financing Agreement and prior to repayment of all amounts due thereunder, the District shall not grant to any other party any security interest or lien upon said funds of the District senior to or *pari passu* with the security interest and lien

-15-

granted to Sonoma hereunder.

8. However, the Collateral shall not include avoidance actions available to the District under §§ 544, 545, 547, 548, 549(a), and 553 of the Bankruptcy Code, or the proceeds thereof.

9. The District waives the provisions of § 506(c) of the Bankruptcy Code as to the Collateral for the Financing Agreement (which waiver shall be without prejudice to the contention of Sonoma that § 506(c) of the Bankruptcy Code dos not apply to secured claims incurred pursuant to § 364 of the Bankruptcy Code).

10. It shall be an event of default "(Event of Default") hereunder if:

a. The District fails to make any payment of principal, interest, or other fees or charges due under the terms of the Financing Agreement when and in the manner due; or

b. The District violates any of the provisions of this Order.

11. Upon the Occurrence of an Event of Default, Sonoma may:

a. Terminate any obligation under the Financing Agreement to extend any further creditor or make any further advance to the District;

b. Upon thirty (30) days written notice to the District declare all outstanding amounts under the Financing Agreement immediately due and payable in full; and/or

c. Exercise any other rights and remedies available to a lender under § 364(c)(2 and (3) of the Bankruptcy Code and to the holder of tax and revenue anticipation notes under California law.

d. No waiver of an Event of Default on any one occasion shall constitute a waiver of any other Event of Default occurring concurrently or at a later date.

12. This Order and the terms of the Financing Agreement, to the extent of the financing approved herein on an interim basis, shall not be modified, limited, or restricted in any respect in any bankruptcy plan of adjustment proposed by the District unless such modification is consented to in writing by Sonoma.

-16-

13. Subject to all of the terms of this Order, the District is hereby authorized to enter into the Financing Agreement, attached hereto and made a part hereof as Exhibit A.

14. Any credit extended and loans made by Sonoma pursuant to the Financing Agreement and this interim Order shall be deemed to have been extended in good faith, as that term is used in §§ 364(e) and 921(e) of the Bankruptcy Code. Accordingly, Sonoma shall be given all the protections provided by §§ 364(e) and 921(e) of the Bankruptcy Code to entities that have extended credit in good faith.

15. This Order constitutes the findings of fact and conclusions of law pursuant to Rule 7052. This Order shall take effect immediately upon its entry, and the parties are authorized to proceed in accordance herewith immediately thereupon.

16. A final hearing on the Motion shall be held before this Court on _____, 2014, at _____.m. The District shall serve the Motion and supporting papers, and a Notice of said final hearing, not later than _____ on the parties required by Federal Rule of Bankruptcy Procedure 4001(c). Any objection to the granting of the relief sought in the Motion shall be in writing, accompanied by any declarations or memoranda of law the party objecting wishes to present in support of its position, filed with the Clerk of the Court, and served on counsel for the District, counsel for Sonoma, counsel for the Indenture Trustee (which has filed a request for special notice under Rule 2002), and all other parties identified in Rule 4001(c) not later than _____, 2014.

Dated:_____

_____
JUDGE, U.S. BANKRUPTCY COURT
FOR THE  NORTHERN DISTRICT OF CALIFORNIA

-17-

EXHIBIT A

FINANCING AGREEMENT

Consisting of

Borrowing Resolution; and

Form of Note

RESOLUTION No. 14-05                                    Adopted:  April 11, 2014

RESOLUTION OF THE BOARD OF DIRECTORS OF THE PALM DRIVE
HEALTH CARE DISTRICT AUTHORIZING THE ISSUANCE AND SALE OF
THE DISTRICT'S PARCEL TAX REVENUE ANTICIPATION NOTES,
SERIES 2014 (TAXABLE), AUTHORIZING THE FORMS AND
AUTHORIZING THE SALE OF THE NOTES TO SONOMA COUNTY, AND
AUTHORIZING THE TAKING OF NECESSARY ACTIONS AND THE
EXECUTION OF NECESSARY CERTIFICATES RELATING TO SAID
NOTES

_____

WHEREAS, California health care districts are authorized by Sections 53854 *et seq.* of
the California Government Code to borrow money by the issuance of temporary notes; and

WHEREAS, the Palm Drive Health Care District (the "District") filed for protection
under Chapter 9 of the Federal Bankruptcy Code on April 7, 2014; and

WHEREAS, the District desires to finance certain obligations incurred by the District in
connection with operations; and

WHEREAS, the District finds and determines that it is in the best interest of the District
to finance its obligations through the issuance of parcel tax revenue anticipation notes and has
determined to issue Palm Drive Health Care District Parcel Tax Revenue Anticipation Notes,
Series 2014 (Taxable) (the "Notes"); and

WHEREAS, this Board of Directors (the "Board of Directors") of the District has found
and determined that a sum not to exceed $600,000 is needed to satisfy obligations payable during
or allocable to the Fiscal Year 2013-14, and that it is necessary that said sum be borrowed for
such purpose at this time by the issuance of temporary notes in anticipation of the receipt of
Parcel Tax Revenues by the District during or allocable to Fiscal Year 2013-14; and

WHEREAS, this Board of Directors of the District has found and determined that a sum
not to exceed $1,200,000 is needed to satisfy obligations payable during or allocable to the Fiscal
Year 2014-15, and that it is necessary that said sum be authorized for such purpose at this time
by the issuance of temporary notes in anticipation of the receipt of Parcel Tax Revenues by the
District during or allocable to Fiscal Year 2014-15; and

WHEREAS, it appears, and the Board of Directors hereby finds and determines, that the
principal amount of $600,000, when added to the interest payable thereon, does not exceed 85%
of the estimated amount of the uncollected taxes, income, revenue, cash receipts and other
monies which will be received by the District during or allocable to Fiscal Year 2013-14 and
which will be available for the payment of the principal of and interest on said Notes (as defined
below); and

25324787v5 0000000000004/14/2014

WHEREAS, it appears, and the Board of Directors hereby finds and determines, that the principal amount of $1,200,000, when added to the interest payable thereon, does not exceed 85% of the estimated amount of the uncollected taxes, income, revenue, cash receipts and other monies which will be received by the District during or allocable to Fiscal Year 2014-15 and which will be available for the payment of the principal of and interest on said Notes (as defined below); and

WHEREAS, no money has heretofore been borrowed by or on behalf of the District through the issuance of tax anticipation notes or temporary notes in anticipation of the receipt of, or payable from or secured by, taxes, income, revenue, cash receipts or other monies to be received by the District during or allocable to Fiscal Year 2013-14 or Fiscal year 2014-15, and this Board of Directors does not contemplate such a financing through the issuance of any temporary notes, other than its Notes as herein requested to be issued; and

WHEREAS, pursuant to Section 53856 of the California Government Code, certain taxes, income, revenue, cash receipts and other monies which will be received by the District during or allocable to Fiscal Year 2013-14 and Fiscal Year 2014-15 may be pledged for the payment of said Notes and the interest thereon (as hereinafter provided); and

WHEREAS, this Board of Directors deems it necessary and desirable to authorize the sale of said Notes to Sonoma County since no other prospective purchasers have been identified, due to the Charter 9 bankruptcy filing of the District on April 7, 2014 and market conditions; and

WHEREAS, it will be necessary for the District to employ bond counsel and disclosure counsel and to incur costs and expenses in preparing the proceedings for the sale and issuance of said Notes; and

WHEREAS, there has been submitted to this Board of Directors and is on file with the Clerk of this Board of Directors the proposed form of agreement with Fox Rothschild LLP, for bond counsel and disclosure counsel services; and

WHEREAS, the District has full legal right, power and authority under the Constitution and the laws of the State of California to enter into the transactions hereinafter authorized;

NOW THEREFORE, the Board of Directors of the Palm Drive Health Care District hereby RESOLVES, DETERMINES AND ORDERS, as follows:

Recitals True and Correct.  All the above recitals are true and correct.

Authorization of Notes.  Solely for the purpose of anticipating surplus Parcel Tax Revenues to be received by the District during or allocable to Fiscal Year 2013-14 and Fiscal Year 2014-15, and not pursuant to any common plan of financing, the County hereby determines to and shall issue not to exceed $1,800,000 principal amount of temporary notes pursuant to Sections 53850 et seq. of the California Government Code.  Said notes shall be designated the "Palm Drive Health Care District (Parcel Tax Revenue Anticipation Notes, Series 2014 (Taxable) " (the "Notes").

25324787v5 0000000000004/14/2014

Amount of Borrowing. The aggregate principal amount of the Notes shall be no greater than the amount recited in Section 2 hereof, or such lesser amount as to which Fox Rothschild, LLP, Los Angeles, California, herein appointed as bond counsel and disclosure counsel to the District with respect to the Notes, will deliver an approving opinion. The Note maturing June 30, 2014 (the "FY 2014 Note") will be in the principal amount of $600,000. The Note maturing December 31, 2014 (the "FY 2015 Note" and, together with the FY 2014 Note, the "Notes") will be in the principal amount of $1,200,000.

Terms of Notes. The Notes shall be dated the date of their delivery. The Notes shall mature on a date which is no more than 365 days following their date of issuance, which date shall be determined at the time of sale thereof. The Notes shall bear interest commencing on the date thereof, computed on the basis of a 360-day year consisting of twelve 30-day months, at the rate determined at the time of sale thereof but shall not be in excess of 4.0% per annum. The principal of and interest on the Notes shall be payable as described in Section 5 hereof.

Payment of Notes, Pledge of Revenues, Repayment Fund.

Payment of Principal and Interest and Redemption. The principal amount of the Notes shall be payable only at the maturity thereof, unless called for prior redemption at any time. Interest on the Notes shall be payable at the maturity of the Notes. The principal of and the interest on the Notes shall be payable in lawful money of the United States of America to the registered owners of the Notes, as shown on the registration books required to be maintained by the Paying Agent (as defined in Section 7 hereof), pursuant to Section 7(c) hereof.

The FY 2014 Note shall be redeemed at any time, without premium, upon receipt by the Paying Agent of excess Parcel Tax Revenues for FY 2014.

The FY 2015 Note shall be redeemed at any time, without premium, upon receipt by the Paying Agent of excess Parcel Tax Revenues for FY 2015.

Principal and interest due at maturity shall be paid to the registered owners only upon surrender of said Notes at the principal corporate trust office of the Paying Agent (as defined in Section 7 hereof). No interest shall be payable on any Notes for any period after maturity of the Notes during which the registered owner thereof fails to properly present said Notes for payment.

Pledge of Unrestricted Revenues. The principal of and interest on the FY 2014 Note shall be payable from excess Parcel Tax Revenues , taxes, income, revenue, cash receipts and other monies which are received by the District for or allocable to the General Fund for the Fiscal Year 2013-14 and which are lawfully available for the payment of current expenses and other obligations of the District (the "FY 2014 Unrestricted Revenues").

The principal of and interest on the FY 2015 Note shall be payable from excess Parcel Tax Revenues, taxes, income, revenue, cash receipts and other monies which are received by the District for or allocable to the General Fund for the Fiscal Year 2014-15 and which are lawfully available for the payment of current expenses and other obligations of the District (the "FY 2015 Unrestricted Revenues" and, together with the FY 2014 Unrestricted Revenues, the "Unrestricted Revenues" ).

25324787v5 0000000000004/14/2014

Case: 14-10510   Doc# 10   Filed: 04/14/14   Entered: 04/14/14 19:02:01   Page 21 of 29

As security for the payment of the principal of and interest on the FY 2014 Note, the District hereby pledges and covenants to deposit in trust in the "Palm Drive Health Care District Parcel Tax Revenue Anticipation Note Repayment Fund" (the "Repayment Fund") such amounts as shall be necessary to provide for payment of all such principal and interest when due from the first FY 2014 Unrestricted Revenues received by the District.

As security for the payment of the principal of and interest on the FY 2015 Note, the District hereby pledges and covenants to deposit in trust in a special fund designated as the Repayment Fund such amounts as shall be necessary to provide for payment of all such principal and interest when due from the first FY 2015 Unrestricted Revenues received by the District.

The Chief Executive Officer of the District or such other officer or official as the Chief Executive Officer may designate (each, an "Authorized Officer") is hereby authorized to determine the deposit proportions and times for the deposit thereof as is deemed to be in the best interests of the District, provided that the sum of such required deposits shall equal the total principal plus interest due on the Notes.

The amounts pledged by the District for deposit into the Repayment Fund from the Unrestricted Revenues received during each indicated period are hereinafter called the "Pledged Revenues," and the principal of and the interest on the Notes shall constitute a first lien and charge thereon and shall be payable therefrom, and to the extent not so paid shall be paid from any other money of the District lawfully available therefor.

Repayment Fund. All Pledged Revenues, and any other deposits required to be made into the Repayment Fund, shall, when received, be deposited in the Repayment Fund. All monies in the Repayment Fund shall be invested as provided in Section 11 hereof.

The Chief Executive Officer, as Fiscal Agent, shall create and hold the Repayment Fund. Any money placed in the Repayment Fund shall be held in trust by the Fiscal Agent for the benefit of the registered owners of the Notes, and until the principal of the Notes and all interest thereon are paid or until provision has been made for the payment of the principal of the Notes at maturity with interest to maturity, the money in the Repayment Fund shall be applied only for the purposes for which the Repayment Fund is created.

On any date that interest is due on the Notes and on the date of maturity of the Notes, the money in the Repayment Fund shall be used, to the extent necessary, to pay the principal of and interest on the Notes. Any money remaining in or accruing to the Repayment Fund after the principal of the Notes and the interest thereon have been paid, or provision for such payment has been made, shall be transferred to the General Fund of the District.

Form and Execution of Notes. The Notes shall be issued without coupons and shall be substantially in the form and substance set forth in Exhibit A attached hereto and by reference incorporated herein. The Chief Executive Officer is hereby authorized to cause the blank spaces of the Notes to be filled in accordance with the terms of the Notes as the Chief Executive Officer may otherwise deem to be appropriate. Each Authorized Officer is hereby authorized to execute the Notes by manual or facsimile signature, and the Clerk of this Board of Directors or a duly

25324787v5 0000000000004/14/2014

appointed deputy is hereby authorized to countersign the Notes by manual or facsimile signature..

Paying Agent.

Appointment. The Chief Executive Officer is hereby appointed and authorized and directed to act as the initial paying agent, registrar and transfer agent (in such capacity, the "Paying Agent") for the District with respect to the Notes. Unless otherwise specifically noted, at any time that the Chief Executive Officer is Paying Agent hereunder, any reference herein to "the District and the Paying Agent" shall mean "the District" or "the Chief Executive Officer," as appropriate.

The Chief Executive Officer is hereby authorized to appoint a successor Paying Agent and/or Fiscal Agent, which shall be a bank or trust company doing business in and having a corporate trust office in San Francisco or Los Angeles, California, with at least $50,000,000 in net assets, and the Chief Executive Officer is authorized to enter into a services agreement with such institution in form and substance acceptable to the Chief Executive Officer and to District Counsel.

Principal Corporate Trust Office. Unless otherwise specifically noted, any reference herein to the "office" or the "principal corporate trust office" of the Paying Agent shall mean for all purposes the office of the Chief Executive Officer provided, that in any case "principal corporate trust office" shall mean any other place designated by the Paying Agent for a particular purpose, and shall include the principal corporate trust office or other designated office of any successor paying agent.

Registration Books. The Paying Agent will keep or cause to be kept, at its principal corporate trust office, sufficient books for the registration and transfer of the Notes, which shall at all times be open to inspection by the District. Upon presentation for such purpose, the Paying Agent shall, under such reasonable regulations as it may prescribe, register or transfer or cause to be registered or transferred, on such books, Notes as hereinbefore provided.

Registration.

The Notes shall be initially issued and registered in the name of the County.

Disposition of Note Proceeds. The Chief Executive Officer shall, immediately upon receiving the proceeds of the sale of the Notes, deposit in the General Fund all amounts received from such sale. All Note proceeds held by the Chief Executive Officer in the General Fund shall be invested as provided in Section 10 hereof. Proceeds of the Notes shall be withdrawn and expended for any purpose for which the District is authorized to expend funds from its General Fund, but only after exhausting funds otherwise available for such purposes (which are not restricted funds) and only to the extent that on any given day such other funds are not then available.

25324787v5 0000000000004/14/2014

Investment of Funds.

All proceeds of the Notes held by the Chief Executive Officer in the General Fund and all money held by the Chief Executive Officer in the Repayment Fund shall be invested by the Chief Executive Officer in any of the following:

(i)     the Sonoma County Investment Pool;

(ii)    the Local Agency Investment Fund in the treasury of the State of California;

(iii)   such other investments as permitted by Section 53601 *et seq.* of the California Government Code rated at least AA- by Standard & Poor's; or

(iv)    investment agreements, including guaranteed investment contracts, and repurchase agreements, in each case with a provider rated at least AA- by Standard & Poor's.

The proceeds of such investments shall be retained in each such respective Fund; provided, that no monies in the Repayment Fund shall be invested for a term that exceeds the term of the Notes, and that sufficient proceeds shall be invested to mature no later than the time at which any payment of interest or principal is due, to provide for such payment.

Further Assurances.  It is hereby covenanted and warranted by this Board of Directors that the District, and its appropriate officials, have duly taken all proceedings necessary to be taken by them, and will take any additional proceedings necessary to be taken by them, for the levy, collection and enforcement of the Pledged Revenues in accordance with law for carrying out the provisions of this resolution and the Notes.

Approval of Actions.  All actions heretofore taken by the officers, employees and agents of the District or this Board of Directors with respect to the issuance and sale of the Notes are hereby approved, confirmed and ratified, and the employees and officers of the District, including the Chair of this Board of Directors, the Chief Executive Officer and the authorized designees of any of them, shall be and they are hereby authorized and directed to take all actions, to execute and deliver any and all agreements, certificates and representations, including signature certificates, no-litigation certificates, and other certificates proposed to be distributed in connection with the placement of the Notes, which they, or any of them, may deem necessary or advisable in order to consummate the lawful issuance and delivery of the Notes in accordance with this resolution.

Notice to California Debt and Investment Advisory Commission.  The Treasurer is hereby authorized and directed to cause notices of the proposed sale and final sale of the Notes to be filed in a timely manner with the California Debt and Investment Advisory Commission pursuant to California Government Code Sections 8855(i) and (j).

25324787v5 0000000000004/14/2014

<u>Appointment of Legal Counsel; Authorization to Incur Expenses</u>.

The firm of Fox Rothschild LLP ("Bond Counsel") shall be, and such firm is, hereby appointed bond counsel and disclosure counsel to the District in connection with the sale, placement and issuance of the Notes, in accordance with the terms and conditions set forth in the proposed form of agreement for bond counsel and disclosure counsel services on file with the Clerk of this Board of Directors, and each Authorized Officer is hereby authorized to execute said agreement with Fox Rothschild LLP with such modifications and conditions as shall be acceptable to such officer and the District Counsel, such approval to be conclusively evidenced by such execution.

This Board of Directors hereby authorizes the payment of any expenses incurred in connection with the preparation of proceedings for the sale and issuance of the Notes. Such costs and expenses shall include fees and expenses of Bond Counsel, filing fees and charges, the cost of printing and publishing the legal documents and other costs and expenses necessarily incurred.

<u>Proceedings Constitute Contract</u>. The provisions of the Notes and of this resolution shall constitute a contract between the District and the registered owners of the Notes, and such provisions shall be enforceable by mandamus or any other appropriate suit, action or proceeding at law or in equity in any court of competent jurisdiction, and, upon issuance of the Notes, shall be irrepealable; <u>provided</u>, that the provisions of this resolution may be amended by any supplemental resolution duly adopted by this Board of Directors that is not, in the opinion of Fox Rothschild LLP or such other nationally recognized bond counsel firm selected by the District, materially adverse to the interests of the registered owners of the Notes.

*[Remainder of this page intentionally left blank.]*

25

25324787v5 0000000000004/14/2014

Case: 14-10510  Doc# 10  Filed: 04/14/14  Entered: 04/14/14 19:02:01  Page 25 of 29

Effective Date.  This resolution shall take effect from and after its adoption.

PASSED AND ADOPTED this day, the 11th of April, 2014, by the following vote:

DIRECTORS:

Ayes ___5_____  Noes ____0____  Abstain _____  Absent _____

SO ORDERED

25324787v5 0000000000004/14/2014

## EXHIBIT A

## FORM OF NOTE

United States of America
State of California
Sonoma County

## PALM DRIVE HEALTH CARE DISTRICT
### (Sonoma County, California)
### Parcel Tax Revenue Anticipation Note, Series 2014 (Taxable)

| INTEREST RATE: | MATURITY DATE: | DATED DATE: |
|---|---|---|
| 4.00% | | |

| REGISTERED OWNER: | SONOMA COUNTY |
|---|---|
| | |
| PRINCIPAL SUM: | |

PALM DRIVE HEALTH CARE DISTRICT, a local health care district organized and existing under and pursuant to The Local Health Care District Law of the State of California (herein called the "District"), for value received, hereby promises to pay (but only out of the Excess Parcel Tax Revenues and other assets pledged therefor as hereinafter mentioned) to the Registered Owner stated above or registered assigns, on the Maturity Date stated above (subject to any right of prior redemption hereinafter mentioned), the Principal Sum stated above in lawful money of the United States of America, and to pay interest thereon in like lawful money from the date hereof until payment of such principal sum shall be discharged, at the Interest Rate per annum stated above, payable on _____.

This Note is one of a duly authorized issue of notes of the District designated as "Palm Drive Health Care District (Sonoma County, California) Parcel Tax Revenue Anticipation Notes Taxable" (herein called the "Series 2014 Notes"), all issued pursuant to the provisions of the California Government Code, §53850 et seq. (the "Law) in the aggregate principal amount of one million eight hundred thousand dollars ($1,800,000).

The principal of and interest on the Note maturing June 30, 2014 (the "FY 2014 Note") shall be payable from excess Parcel Tax Revenues, taxes, income, revenue, cash receipts and other moneys which are received by the District for the fiscal year 2013-14 and which are lawfully available for the payment of current expenses and other obligations of the District (the "FY 2014 Unrestricted Revenues"). The principal of and interest on the Note maturing December 31, 2014 (the "FY2015 Note") shall be payable from excess Parcel Tax Revenues, taxes, income, revenue, cash receipts and other moneys which are received by the District for the fiscal year 2014-15 and which are lawfully available for the payment of current expenses and other obligations of the District (the "FY 2015 Unrestricted Revenues" and, together with the FY 2014 Unrestricted Revenues, the "Unrestricted Revenues").

- 27 -

The amounts pledged by the District from the Unrestricted Revenues including excess Parcel Tax Revenues received during each period are hereinafter called the "Pledged Revenues."

The Series 2014 Notes are limited obligations of the District and are not a lien or charge upon the funds or property of the District, except to the extent of the aforesaid pledge and assignment. Neither the faith and credit nor the tax revenues received by the District are pledged to the payment of the principal of or interest on the Series 2014 Notes. The Series 2014 Notes are not a debt of the State of California or any political subdivision thereof, and neither said State nor any political subdivision thereof (except the District) is liable for the payment thereof.

The FY 2014 Note shall be redeemed at any time, without premium, upon receipt by the Paying Agent of excess Parcel Tax Revenues for FY 2014.

The FY 2015 Note shall be redeemed at any time, without premium, upon receipt by the Paying Agent of excess Parcel Tax Revenues for FY 2015.

If the Series 2014 Notes are called for redemption and payment is duly provided therefor, interest shall cease to accrue hereon from and after the date fixed for redemption.

This Note is not transferable.

IT IS HEREBY CERTIFIED AND RECITED that any and all conditions, things and acts required to exist, to have happened and to have been performed precedent to and in the issuance of this Note does exist, have happened and have been performed in due time, form and manner as required by the Law, and by the Constitution and laws of the State of California, and that the amount of this Note, together with all other indebtedness of the District, does not exceed any limit prescribed by the Constitution and laws of the State of California, and is not in excess of the amount of Notes permitted to be issued thereunder.

IN WITNESS WHEREOF, PALM DRIVE HEALTH CARE DISTRICT has caused this Note to be executed in its name and on its behalf by the manual signature of its Chief Executive Officer and attested by the manual signature of the Secretary of its Board of Directors, all as of the Dated Date stated above.

PALM DRIVE HEALTH CARE DISTRICT

By: _____
                       Chief Executive Officer

ATTEST:

_____

25324787v5 0000000000004/14/2014

Case: 14-10510   Doc# 10   Filed: 04/14/14   Entered: 04/14/14 19:02:01   Page 28 of 29

_____

Secretary

25324787v5 0000000000004/14/2014

Case: 14-10510     Doc# 10     Filed: 04/14/14     Entered: 04/14/14 19:02:01     Page 29 of 29