UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PALM DRIVE HEALTH CARE DISTRICT,  No. 14-10510

                Debtor(s).
_____/

Memorandum on Motion for Appointment of Mediator
_____

    Debtor Palm Drive Health Care District filed its Chapter 9 petition on April 7, 2014. This is the District's second foray into Chapter 9, having filed its previous petition in 2007. A plan of reorganization was confirmed in that case in 2009.

    At the time of filing this case, the District operated Palm Drive Hospital in Sebastopol, California. Since the filing, it has closed the hospital and rejected its leases and executory contracts.

    Palm Drive Health Care Foundation is a nonprofit organization originally formed to provide charitable donations to, and manage the operations of, the hospital. When the District was created in 2000, the role of the Foundation changed from one of management to one of support. The Foundation does not allege that it has any right to have a say in the operations of the District.

    The Foundation has made a proposal to the District of a way the hospital can be reopened. Since the District has not accepted the proposal, the Foundation has moved the court for appointment of a mediator to facilitate the talks. The District vigorously opposes the motion, arguing that the

Foundation has no rights to assert against the District and, in any event, the court is prohibited by law from appointing a mediator or forcing it to negotiate with the Foundation. Under the facts of this case, the court agrees.

As the Foundation points out, § 105 of the Bankruptcy Code, made applicable to Chapter 9 cases by § 103(f), gives the court broad equitable powers that would certainly include appointment of a mediator. However, that power is greatly limited by § 904, which provides that *notwithstanding any power* the court may not, except with the consent of the debtor, interfere with any of the political or governmental powers of the debtor. "Thus, the question in any particular case is not whether some basis in the court's power can be found to support the order. The question is only whether the order improperly interferes with the political or governmental affairs or property of the debtor. If it does, then no matter what authority is used to support it, the order runs afoul of section 904." 6 **Collier on Bankruptcy** (16th ed. 2013), ¶ 904.01, p.904-2. A bankruptcy court does not have jurisdiction to interfere with the political and policy choices a health care district makes in running its affairs. *In re Addison Community Hosp. Auth.*, 175 B.R. 646, 650 (Bankr. E. D. Mich. 1994).

That is not to say that the court can never appoint a mediator over the debtor's objection in a Chapter 9. When the court is specifically tasked with adjudicating a dispute under Chapter 9 - usually limited to determining eligibility, confirming a plan or allowing a claim - the court has a wide latitude in how it does so and employment of a mediator may be one of the arrows in the court's quiver. However, in this case the Foundation has articulated no right which calls for the court's adjudication. To the contrary, it appears to the court that the Foundation has no standing whatsoever to enforce any rights against the District. It does not purport to be a creditor. Pursuant to § 941, only the debtor may propose a plan. Under these circumstances, the court would be improperly interfering with District's affairs by ordering it to mediation with the Foundation.

For the foregoing reasons, the Foundation's motion for appointment of a mediator will be denied. Counsel for the District shall submit an appropriate form of order.

Dated: May 16, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

3